## HARDY v HARDY

Ohio Appeals, 2nd Dist, Montgomery Co.

No. 1598. Decided Jan. 5, 1940.

Kusworm & Kusworm, Dayton, and Paul J. Gaiser, Dayton, for plaintiff-appellee.

Holland & Holland, Dayton, for defendant-appellant.

### OPINION

By BARNES, J.

The above-entitled cause is now being determined as an error proceeding by reason of defendant's appeal from the judgment of the Common Pleas Court, Division of Domestic Relations, of Montgomery County, Ohio.

The notice of appeal was erroneously filed on law and fact. The New Procedural Act has now been in effect practically four years and we think it is time that counsel should distinguish between an appeal on question of law and an appeal on question of law and fact. A cursory reading of §12223-1 GC will readily distinguish between the two appeals. The fact is that the appeal can only be considered as an appeal on law. We have previously passed on this question on plaintiff's motion to dismiss.

The sole and only question in the case is whether or not the trial court denied alimony to the defendant, Margaret Hardy, after granting her a divorce on her cross-petition. Sec. 11990 GC is mandatory in its provisions that where a divorce is granted to the wife because of the husband's aggression, the court shall allow such alimony out of her husband's property as it deems reasonable, having due regard to property which came to the husband by marriage and the value of his real and personal estate at the time of the divorce.

Counsel for appellee recognize the legal principle, but insist that the court did make an allowance of alimony. Counsel for appellee in support of his position refers us to statements of the

148

trial court as projected through a bill of exceptions.

The statements of the court do support counsel's claim as to allowance of support to the wife and children.

In order to determine whether or not the court made any order for alimony, we must look to the judgment entry. **Will v McCoy, 135 Oh St 241; Industrial Commission v Musselli, 102 Oh St 10.** This entry is very long and hence, we will only quote from so much thereof as is pertinent to the present inquiry:

"It is therefore ordered, adjudged and decreed that said marriage relation now existing between said parties be and the same is now here dissolved, and that said parties are hereby released therefrom.

It is further ordered, adjudged and decreed that the custody, care, maintenance, education and control of said minor children, until the further order of this court, be and the same is hereby awarded and confided exclusively to the defendant, Margaret Hardy, but that the plaintiff shall be permitted to visit said children at all reasonable and proper times, but that said plaintiff is not permitted to take the said children away from the defendant at any time, unless with the acquiescence, knowledge and consent of said defendant.

It is further ordered, adjudged and decreed that the said defendant shall have for their mantenance the sum of $17.00 per week, which shall be paid weekly by said plaintiff to said defendant until the further order of this court."

Nothing additional appears in the journal entry in any way bearing on the question of alimony.

Under this situation, we have no alternative except to re- verse and remand the cause. This we do with instructions that alimony must be allowed.

HORNBECK, PJ. & GEIGER, J., concur.